

## In re BOST.
### Patent Appeal No. 3238.

Court of Customs and Patent Appeals.
March 26, 1934.

Henry B. Floyd, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claim 5 of appellant's application. Appellant, before the Patent Office, canceled all other claims of his application.

Said claim 5 reads as follows: "5. That process of preserving juice of the citrus fruit which comprises the steps of expressing the fruit to obtain juice, adding to the juice thus obtained glycerine approximating one-eighth part of such juice, refrigerating the mixture of juice and glycerine for approximately twenty-four hours, adding approximately one-quarter part of sugar to the glycerine and juice and thoroughly mixing, and continuing the refrigeration."

The references cited are: Douglas et al., 228,881, June 15, 1880; "Non-Intoxicants," by Nowak, published by C. A. Nowak, Chemical Building, St. Louis, Mo., 1922, page 61, "Glycerine"; "Commercial Fruit & Vegetable Products," by Cruess, published by McGraw-Hill Book Co., New York, 1924, pp. 206, 214, 215.

As will be observed from said claim, the alleged invention relates to a method of preserving fruit juices, and particularly the juice of citrus fruits. Appellant contends that the method described in the claim preserves the taste of the juice and prevents decomposition.

The patent to Douglas relates to the preparation of lime juice and discloses a mixture, in proportions set forth in the specification, of sugar, glycerine, water, lime juice, and sulphuric acid. The specification states as follows: "The compound is useful for making lemonade, and for family and bar-room use, being designed to take the place of limes or lemons. It is agreeable to the taste, will not decompose with age, and is always ready for use. It is put up in bottles of convenient size, and has the appearance of ordinary lime-juice."

The pages from the publication by Cruess relate to the treatment of fruit juices, including oranges, and among other things it is therein stated: "Preservation by Low Temperatures.—When stored at 32° F. (0° C.), the temperature ordinarily employed in the cold storage of fruits, fruit juices either become moldy or undergo fermentation and in order to prevent the growth of micro-organisms it is necessary to use temperatures below 25° F."

Appellant in his brief also quotes from the Cruess publication, as follows:

"* * * The Examiner overlooked the fact that where the methods of the prior art were used the fresh taste of the juice disappeared and its place was taken by a stale flavor. In the reference cited in the Patent Office, Cruess, the following is found under the heading 'Citrus Juices,' at page 232:

"Many attempts have been made to produce orange juice, lemon juice, pomelo juice and lime juice commercially.

"In no case, known to the writer, has a thoroughly satisfactory beverage been produced. The principal difficulty is found in the tendency of all of these juices to develop a disagreeable 'stale' or 'musty' flavor and odor and to lose their fresh fruit flavor."

This portion of the Cruess publication, however, does not appear in the record.

It was the view of both tribunals of the Patent Office that any worker in the art would be able to carry out the process of appellant from the teaching of Douglas et al., without resorting to any act of invention.

While the proportions of ingredients in appellant's process are not the same as those shown by Douglas, the Board of Appeals and the Examiner held that such proportions were not shown to be critical or vital to the success of appellant's process.

While Douglas shows a different order of mixing the ingredients, it does not appear that appellant's order of mixing produces any new and useful result. Douglas employs heat in mixing his compound, but to what extent is not disclosed, nor is it disclosed that heat is an essential element of his process. Douglas does not show refrigeration as a part of his process, but it is obvious that, in view of the reference Cruess, the adding of refrigeration would not constitute invention.

With respect to taste preservation, we agree with the statement of the Examiner that: " * * * If as a matter of fact applicant's process does preserve the taste the same taste preserving properties would be inherent in the prior art methods whether or not they mention this specific phase of preservation. * * *"

With respect to the statement in the Cruess publication relied upon by appellant that "in no case, known to the writer, has a thoroughly satisfactory beverage been produced," which statement was made prior to appellant's alleged invention, we think it is sufficient to say that it does not appear that Cruess knew of the use of glycerine, as shown by Douglas, for glycerine is not mentioned in the Cruess publication.

The Patent Office tribunals have concurred in finding that the claim on appeal presents nothing of a patentable nature in view of the cited prior art, and we are not convinced that they are in error. In accordance with the well-established rule in such cases, the decision of the Board of Appeals, rejecting said claim, is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.